# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV292-RLV-DSC

| | |
|---|---|
| ARLESTER EL JONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DOLE FOOD COMPANY, INC., et. al., )<br>)<br>Defendants. )<br>)<br>) | **ORDER** |

**THIS MATTER** is before the Court on pro se Plaintiff's "Motion to Quash Subpoena Duces Tecum ..." (document #23) and the parties' associated briefs and exhibits. See documents ## 24 and 25.

On July 1, 2010, the pro se Plaintiff filed his Complaint against his former employer pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") asserting claims for unequal pay, disparate discipline, disparate treatment, hostile work environment, retaliation, and wrongful termination based on his race.

On November 23, 2010, and after entry of a Pretrial Order and Case Management Plan (document #15), Defendants issued the subject subpoena duces tecum to Plaintiff's current employer, RHA Health Services, Inc. ("RHA"), seeking production of employment-related documents. Defendants credibly represent that although RHA has responded to the subpoena, defense counsel is holding the package unopened pending resolution of Plaintiff's Motion to Quash.

Although Fed. R. Civ. P. 45(b)(1) requires a party to provide prior notice of such a third-party subpoena duces tecum to the opposing party, Defendants mistakenly served Plaintiff and RHA

with the subpoena simultaneously.[1] Plaintiff has failed to establish that he was prejudiced by the lack of earlier notice. See Myers v. Wal-Mart Stores, Inc., 2010 WL 4830083 (E.D.N.C. 2010) (recognizing lack of prejudice as defense to failure to provide prior notice); Kingsway Fin. Serv. Inc. V. Pricewaterhouse-Coopers, LLC, 2008 WL 4452134 (S.D.N.Y. 2008) ("Majority approach [under these circumstances] requires that the aggrieved party demonstrate some form of prejudice resulting from failure to provide advance notice.") Plaintiff speculates that he was prejudiced by not receiving earlier notice of the subpoena. An absence of prejudice, however, is supported by Plaintiff's ability to prepare and file the subject Motion to Quash. Accordingly, Plaintiff's argument that the subpoena must be quashed as procedurally defective is overruled.

Turning to the substance of the subpoena, Plaintiff argues that his employment records with RHA are both confidential and irrelevant to this litigation. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

---

[1] Fed. R. Civ. P. 45(b)(1) states "If the subpoena commands the production of documents ... then before it is served, a notice must be served on each party."

Whether to grant or deny a discovery motion is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Court determines in its discretion that the information sought by Defendants is reasonably calculated to lead to the discovery of admissible evidence. Concerning the private nature of these records, Defendants represent in their brief, and Plaintiff does not dispute, that the parties have agreed to the entry of a proposed Protective Order.

The Court concludes that Plaintiff's Motion to Quash should be granted to the extent necessary to preserve the confidentiality of his employment records at RHA. Accordingly, Defendants will be permitted to review documents produced by RHA only after the agreed Protective Order has been entered.

**NOW, THEREFORE IT IS ORDERED**:

1. Plaintiff's "Motion to Quash Subpoena Duces Tecum ..." (document #23) is **GRANTED IN PART** and **DENIED IN PART**.

2. Defendants shall promptly submit to the Court a Motion for Entry of the parties' proposed Protective Order. Upon entry of the Protective Order, Defendants may open and review the package of documents they received from RHA Health Services, Inc. in response to the subject subpoena duces tecum.

3. The Clerk is directed to send copies of this Order to the pro se Plaintiff; to defense counsel; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: December 23, 2010

David S. Cayer
United States Magistrate Judge